IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex. rel. GUSTAVO COLON, | ) ) ) | |
| Petitioner, | ) ) | No. 05 C 2068 |
| v. | ) ) | Wayne R. Andersen District Judge |
| ROBERT HOOD, Warden, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the petition of Gustavo Colon for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the following reasons, the petition is denied.

## BACKGROUND

Petitioner Gustavo Colon was convicted by a jury of running a narcotics conspiracy for his role in directing the distribution of controlled substances, including cocaine, heroin, and marijuana, in the Humboldt Park area of Chicago, Illinois from 1995 through1997. As a leader of the Chicago-based Latin Kings street gang, Colon exercised control over the conspiracy, although incarcerated during its entire duration, through use of the telephone and personal visits to communicate with his chief lieutenants, Jose Souffront and Jorge Martinez. Through communications with his chief lieutenants and his wife, Marisol Colon, Colon directed and controlled the activities of the narcotics conspiracy.

On September 7, 1997, a special grand jury for the Northern District of Illinois returned a 25-count indictment charging Colon, among others, with conspiracy with the intent to distribute narcotics, possession with intent to distribute narcotics, and use of a telephone in committing these offenses. After a ten-week jury trial, Colon was found guilty on eighteen of the twenty-five counts charged in the indictment. On May 22, 2000, the Court sentenced Colon to life imprisonment on Count 2, ninety-six months on Counts 3 through 16 and Counts 18 though 21 with the sentences to run concurrently.

On May 31, 2000, Colon filed a notice of appeal with the United States Court of Appeals for the Seventh Circuit, which was denied on August 6, 2003. On August 20, 2003, Colon filed a petition for rehearing en banc, which was denied on October 2, 2003. On December 31, 2003, Colon filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on February 23, 2004.

Colon has filed the instant petition for writ of habeas corpus in this Court and raises two issues for review. Colon first argues that the United States Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 124 S. Ct. 2531 (2004), prohibit the imposition of a life sentence for the crimes for which he was convicted. Colon also asserts that the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), must apply retroactively because it is a substantive rule of law or, alternatively, because it is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

## LEGAL STANDARD

Collateral relief under 28 U.S.C. § 2255, the federal habeas corpus statute, is available only in limited circumstances. The statute provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess or the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Such relief is therefore limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Bishchel v. United States*, 32 F.3d 259, 263 (7th Cir.1994), quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir.1991). If the reviewing court determines that such defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

## ANALYSIS

### I. Imposition of a Life Sentence Did Not Violate Petitioner's Constitutional Rights under *Apprendi* or *Blakely*

Colon argues that his life sentence violates his constitutional rights because the crimes for which he was convicted do not permit such a sentence. The United States Supreme Court's decisions in *Apprendi* and *Blakely* made clear that a defendant cannot be sentenced to a period of time exceeding the statutory maximum for the crime for which he was convicted based on facts not presented to a jury and proven beyond a reasonable doubt. In *Apprendi*, the United States

3

Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In addition, based on the Supreme Court's decision in *Blakely*, the statutory maximum, for *Apprendi* purposes, is the "maximum sentence a judge may impose on a defendant based solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 124 S. Ct. at 2537.

Colon argues that the life sentence he received is unconstitutional because the jury verdict did not authorize the imposition of a life sentence. This is clearly incorrect. Colon was convicted of participating in a continuing criminal enterprise under 21 U.S.C. § 848(a) as charged in Count 2 of the indictment. A conviction for participating in a continuing criminal enterprise under 21 U.S.C. § 848(a) authorizes the imposition of a sentence anywhere from 20 years to life in prison. Thus, Colon's life sentence on Count 2 falls within the statutory range for the crime for which he was convicted, and no facts that had not been submitted to the jury and proven beyond a reasonable doubt were used to increase Colon's sentence above the statutory maximum. *Blakely* and *Apprendi*, therefore, are not applicable. Accordingly, Colon's request for habeas relief on this claim is denied.

## II. *Booker* Does Not Apply Retroactively

Colon also argues that his sentence, which was imposed pursuant to the mandates of the federal sentencing guidelines, violates his constitutional rights in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and that *Booker* should be applied retroactively. In *Booker*, the Supreme Court held that the federal sentencing guidelines no longer were mandatory but rather were advisory. 125 S. Ct. at 769. However, the

4

decision in *Booker* did not effect the *Apprendi* and *Blakely* decisions in the sense that a sentence still had to fall within the statutorily-prescribed range. *Booker*, 125 S. Ct. at 749.

In *United States v. McReynolds*, the Seventh Circuit held that the *Booker* decision was not retroactive. 397 F.3d 479, 481 (7th Cir. 2005). Because Colon was sentenced in May 2000, the Supreme Court's decision in *Booker* does not effect Colon's sentence which was imposed pursuant to the federal sentencing guidelines. Accordingly, Colon's request for habeas relief must be denied.

## CONCLUSION

For all of the foregoing reasons, Gustavo Colon's petition for a writ of habeas corpus is denied. It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: October 28, 2005